# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

v.

FABIO VARGAS-GONZALEZ,
    *Defendant*.

No. 3:20-cr-00078 (JAM)

## ORDER RE MOTION TO SEAL

    Defendant Fabio Vargas-Gonzalez has moved to seal five exhibits he has filed to support his motion to suppress evidence. The motion to seal simply states "these attachments are protected discovery materials." Doc. #35 at 1.

    The Court's Standing Order on Discovery in criminal cases provides in relevant part that "[w]hen a party believes it is necessary to file any Protected Discovery Material, absent consent of the opposing party, that party must comply with Local Criminal Rule 57(b) by moving to file the material under seal." D. Conn. Standing Order on Discovery (Criminal), Part (G)(3). Local Criminal Rule 57 provides in turn that a document may not be sealed by the Court absent "particularized findings on the record demonstrating that sealing is essential to preserve compelling interests, and that sealing in whole or in part is narrowly tailored to serve those interests." D. Conn. L. Crim. R. 57(b)(3)(B). The Court is required to make these particularized findings because the First Amendment and common law rights of public access to judicial documents presume that the public has an interest in viewing documents that are submitted for purposes of judicial decision. *See United States v. Roy*, 2017 WL 2604250, at *1 (D. Conn. 2017). In light of this presumption in favor of public access, the fact that particular documents are discovery materials alone does not justify granting a motion to seal.

Based on the Court's review of the documents at issue, it is unclear that there are compelling reasons to support an order as requested that would seal these documents in their entirety. *See id.* at *1-2 (discussing how the narrow tailoring requirement is often not met by sealing documents in their entirety rather than by targeted sealing with redactions). Attachments A-D are routine Drug Enforcement Administration investigative reports describing the investigation, surveillance, and arrest of Vargas-Gonzalez and custody of evidence from the search of his vehicle. Attachments A-D do not appear to contain particularly sensitive information that justifies their wholesale sealing, and it appears that certain information including file and case numbers has already been redacted in those documents that are proposed to be sealed in their entirety.

As for Attachment E, it is an affidavit of Vargas-Gonzalez related to the stop and search of his vehicle that occurred on March 11, 2020. There is no apparent reason why his affidavit should be subject to sealing because it does not contain sensitive information and is not protected discovery material.

In view of these concerns and in the absence of any indication in the motion to seal whether counsel have conferred with one another about the necessity of sealing the documents at issue, the Court intends to deny the motion to seal. If either party believes there is a basis for the sealing of any portion of the exhibits at issue, they may file a substitute motion to seal by **December 11, 2020** with attachments of the exhibits in proposed redacted form. *See, e.g.,* Doc. #31 to *United States v. Walters*, No. 3:20-cr-89 (JAM). In the event that neither party timely files a renewed motion to seal, then the Clerk of Court shall deny the motion to seal and allow the exhibits at issue to be available to the public.

It is so ordered.

Dated at New Haven this 4th day of December 2020.

                                                     /s/ *Jeffrey Alker Meyer*
                                                    Jeffrey Alker Meyer
                                                    United States District Judge